The plea of prescription set up by defendants against the revocatory action must prevail.

Judgment reversed.

---

No. 126.

## JOHN H. SCOTT AND J. P. JACOBS *v.* WM. E. SEWELL AND JOS. L. MONTIEU.

1. In a suit for damages for wrongful issuance of an injunction, the judgment dissolving the same is sufficient proof of the illegality of the writ.

2. It is difficult to establish with precision the amount of loss suffered by reason of the wrongful issuance of an injunction, and the courts, in assessing damages, will often approximate.

3. While the law favors an appeal to the courts for the enforcement of legal rights, yet those who invoke its severe writs, injunction, etc., do so at their peril.

4. In a suit for damages for issuance of an illegal injunction, while the court will not question the original judgment dissolving the same, it may investigate the issues of such former cause, with a view to ascertaining whether the plaintiff in the writ complained of had reasonable grounds for supposing himself entitled to the writ.

5. A mere mark or symbol which can be used by one with as much propriety as another, cannot become a trade-mark.

6. The mark must denote the origin or ownership of the goods, and not the kind or quality. Letters or figures applied to merchandise by a manufacturer for the purpose of denoting its quality only, cannot be appropriated by him to his exclusive use as a trade-mark.

7. The Recordation in the Patent Office of a pretended trade-mark confers no additional value to the same.

8. In an action upon an injunction bond, the plaintiff may recover a reasonable amount as attorney's fees paid or incurred in procuring a dissolution of the injunction.

*Appeal from the Fifth District Court, Parish of Orleans. Rogers, J.*

*W. E. Murphy* and *Chas. E. Rice* for plaintiffs.

*Breaux & Hall* for defendants, appellants.

The opinion of the Court was delivered by A. GRIMA, Esq., member of the bar, Judge *ad hoc*, vice ROGERS, Judge, recused, having decided the cause below.

GRIMA, Judge *ad hoc*.—This is a suit in which each of the plaintiffs prays for judgment for the sum of five hundred dollars against the defendants as principal and surety on an injunction bond.

The plaintiffs complain that the defendant Sewell brought, in the Fifth District Court for the Parish of Orleans, a suit against them, the said plaintiffs, alleging, among other things, that the said Scott and Jacobs were indebted unto him the said Sewell in the sum of five thousand dollars—damages caused him by the alleged infringement of a pretended trade-mark, to-wit : the word "Septoline," a word which in his petition in the said suit he alleged was used by him to indicate "the quality of oil" sold by him under that name, and also charging in his said petition the existence of a conspiracy between the petitioners to destroy, by the use of said pretended trade-mark, the business of said Sewell.

The plaintiffs further show that, on filing the said suit, said Sewell obtained a writ of injunction enjoining them from using the said pretended trade-mark in any manner in the sale of illuminating oils, either by writing, printing, marking, or any other character or device, or from using the word "Septoline" verbally in selling oil under that name, or in any manner, either verbally or otherwise, using said word "Septoline" in any manner so as to indicate that oil sold was understood to be what was or is known as "Septoline" oil. Plaintiffs finally show that the said Sewell's suit was dismissed, and that they suffered damages by the said suit and injunction, in counsel fees, which they had to pay in the defence of the same, and by interruption of their business and loss of customers and trade, and look to the said Sewell and the injunction bond furnished by him to obtain indemnity therefor.

The answer is a general denial.

Judgment was rendered against the defendants *in solido* in

favor of the plaintiff Scott for $250, and of the plaintiff Jacobs for $150, with legal interest from judicial demand.

The defendants appealed to this Court, and the plaintiffs, in their answer to the appeal, pray, the plaintiff Scott for an increase of the damages to the sum of $400, and the plaintiff Jacobs for its increase to the sum of $500.

The judgment dissolving the injunction sued out by Sewell is a sufficient proof that the injunction was wrongfully issued, and determined the liability of the defendants on the bond. C. P. 304; 13 La. An. 22, 214. The injunction which has been set aside, being not one to stay the execution of a moneyed judgment, the remedy by suit on the bond, which has been resorted to in this case, is the proper one. 28 La. An. 859, Will vs. Elam; 29 La. An. 630, Sheen vs. Stothart.

The next inquiry is as to the measure of damages. The law of Louisiana provides that every act whatever of man that causes damage to another obliges the person by whose fault it happened to repair it. R. C. C. 2315.

The evidence is not very precise as to the losses in money inflicted on the plaintiffs by the injunction obtained against them; indeed, it is hardly possible in such cases to arrive at more than an approximate figure. The record discloses the fact that the defendant Sewell committed acts which were calculated to injure the plaintiffs' trade; he caused publications to be made in two or three journals having large circulation in New Orleans, in the form of "notices to Grocers and others," over his signature, informing of the injunction which he had obtained, and warning against dealing in oil without his leave; he caused bills to be printed and posted to the address of "dealers and consumers of, illuminating oil," giving to understand that Scott had been imposing upon grocers and dealers an inferior article of oil under the name of Septoline oil, and notifying them of the said injunction; he sued Jacobs several times before Justices' Courts, and he brought three different suits before the late Fifth and Sixth District Courts for the Parish of Orleans, one against Scott and

Jacobs, and two against Scott alone, all being injunction suits, and all of which suits and injunctions were dismissed. The organic law of the State provides that all courts shall be open to minister justice by adequate remedy and due process of law, Constitution of La., Art. 11; and the law looks with favor on those who invoke the aid of the tribunals established by itself for the vindication of rights; but in affording the remedy of attachment, injunction, and other like remedies in extraordinary cases, the law gives the warning to those who wield such weapons that they so do at their peril. 32 An. 1181, Barrimore vs. McFeely.

We have looked in vain throughout the record of this case for any circumstances in justification of the persistent effort of the defendant Sewell to restrain the plaintiffs' dealings in illuminating oil. His counsel laid stress on the circumstance, as argued by him, that Sewell had a reasonable ground to believe he had a good cause of action, and was not prompted by malice. Without presuming to enter into and comment upon the law and facts upon which the judgment of the District Court dismissing the said injunction suit was founded, in justice only to the appeal made by the defendants' counsel, we have looked into the law on the subject of trade-marks, and we find the following to be settled, to-wit: " A mere mark or symbol which can be used by one with as much propriety as another, cannot become a trade-mark." Upton on Trade-marks, p. 26. " The mark must denote the origin or ownership of the goods, and not the kind or *quality*." Ib. 98, 99.

" Letters or figures affixed to merchandise by a manufacturer, for the purpose of denoting *its quality* only, cannot be appropriated by him to his exclusive use as a trade-mark." 101 U. S. Reps., Manufacturing Company vs. Trainer; 54 Ill. 439, Candee, Swan & Co. vs. Deere & Co.

The petition of Sewell admits in so many words that the word " Septoline," which he claims as a trade-mark, indicates a *quality* of oil; the recordation of such a claim in the patent-office does not confer any more character or value to the same. That he may have thought that he had the law on his side, is a plea of

ignorance of the law, and it does not appear that such prudence or moderation were used by him as would present circumstances in support of the argument in mitigation of damages.

The proper measure of damages is the full indemnity to the plaintiffs for the losses sustained. Field on the Law of Damages, p. 544, § 687.

In an action upon an injunction bond for damages caused by wrongfully suing out the writ, the plaintiff may not only have his ordinary and actual damages, that result from the injunction, but in addition thereto a reasonable amount as attorney's fees paid or incurred in procuring a dissolution of the injunction. Field, p. 442, § 555; Sedgwick on Measure of Damages, pp. 97, 35; 12 La. An. 181, McRae vs. Brown, Sheriff; 13 La. An. 214, Accessory T. Co. vs. McCerren; 14 La. An. 333, Hereford vs. Babin, 23 La. An. 436, Pendleton vs. Eaton & Barstow and Sheriff.

We believe that justice will be done by allowing to each of the plaintiffs, as damages, the sum of one hundred and fifty dollars, in addition to the attorney's fees incurred by them in the defence of the said injunction suits.

The judgment of the District Court is therefore amended, and proceeding to render such judgment as should have been rendered herein, it is ordered, adjudged and decreed that there be judgment against the defendants Sewell and Montieu *in solido*, in favor of the plaintiff J. H. Scott for the sum of three hundred and fifty dollars, and in favor of the plaintiff J. P. Jacobs for the sum of three hundred dollars, with costs in both courts.